# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2600 | **DATE** | 9/30/2002 |
| **CASE TITLE** | Mariama Conde vs. Augustus Scott, Jr. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying petitioner's petition for writ of habeas corpus. Any pending motion in this case is terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 3 0 2002 date docketed | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | 22 |
| | Copy to judge/magistrate judge. | | 9/30/2002 | |
| | | | date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |



DOCKETED
SEP 3 0 2002

UNITED STATES ex rel. MARIAMA CONDE, )
)
Petitioner, )
)
v. ) No. 02 C 2600
)
AUGUSTUS SCOTT, JR., )
)
Respondent. )

## MEMORANDUM OPINION AND ORDER

Mariama Conde was convicted in Illinois state court of three counts of possession of narcotics after the Chicago Police executed a search warrant of her apartment and seized several kilograms of heroin. She appealed, lost, and filed a motion for leave to file a late petition for leave to appeal to the Illinois Supreme Court, which was denied. She files a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, raising three claims: (1) that the state court erred in denying her motion to suppress; (2) that there was insufficient evidence of constructive possession to sustain her conviction; and (3) that her trial counsel rendered ineffective assistance by failing to interview or call three witnesses. I deny the petition.

I.

"[A] state prisoner raising a Fourth Amendment claim is not entitled to habeas corpus relief if the state has provided the prisoner 'an opportunity for full and fair litigation' of his claim." *Terry v. Martin*, 120 F.3d 661, 663 (7th Cir. 1997). "A

prisoner receives an opportunity for full and fair litigation of a Fourth Amendment claim when (1) the prisoner has clearly informed the state court of the factual basis for that claim and has argued that those facts constitute a violation of his Fourth Amendment rights and (2) the state court has carefully and thoroughly analyzed the facts and applied the proper constitutional case law to the facts." *Id.*

Ms. Conde presented the same arguments to the Illinois Appellate Court that she makes here, so the only question is whether the court conducted a thorough analysis under the correct law. The Illinois court rejected Ms. Conde's claim that the search of her storage locker, unattached to her apartment, and the seizure of her key, which was used to open the storage unit, were unsupported by independent probable cause or the "plain view" doctrine, *see Arizona v. Hicks*, 480 U.S. 321 (1987), because it found that the seizure of the key and the search of the locker were within the scope of the warrant. Ex. C at 1, 4-5. The warrant authorized the search of the "premises" and seizure of proof of residency, and the court relied on two Illinois cases for the proposition that "premises" included any storage area included in Ms. Conde's lease. *See People v. Taylor*, 563 N.E.2d 513, 515 (Ill. App. Ct. 1990) ("The warrant was not limited to defendant's home or residence, but specifically stated 'premises,' a word which has been construed to include all buildings at the address listed,

2

including a detached garage." (citing *United States v. Williams*, 687 F.2d 290, 292-93 (9th Cir. 1982); *United States v. Bonner*, 808 F.2d 864, 866 (1st Cir. 1986)); *People v. Gordon*, 470 N.E.2d 29, 32 (Ill. App. Ct. 1984) (holding that "entire" first floor apartment included storage unit in lower level). The two Illinois cases relied on by the Illinois Appellate Court applied the appropriate standard from *Steele v. United States*, 267 U.S. 498 (1925): "[i]t is enough if the description [in the warrant of the place to be searched] is such that the officer with a search warrant can, with reasonable effort ascertain and identify the place intended." *Id.* at 503. In *Steele*, the Court held that the search conducted was within the scope of the warrant, which authorized the search of "any building or rooms connected or used in connection with the garage, or the basement or subcellar beneath the same," because it was "evident that the elevator of the garage connected it with every floor and room in the building and was intended to be used with it." *Id.* The federal courts cited in *Taylor* applied this standard and held that "premises" was broad enough to include outbuildings and detached garages. *See* 563 N.E.2d at 515. The Illinois appellate court here also determined that "proof of residency" included keys. Ex. C at 4 (citing *People v. Brown*, 661 N.E.2d 533, 537 (Ill. App. Ct. 1996)). The Illinois appellate court carefully and thoroughly analyzed the facts and reasonably applied the proper constitutional case law, *see* 28 U.S.C. § 2254(d)(1), so

I cannot grant relief on Ms. Conde's Fourth Amendment claim.

II.

Ms. Conde's remaining claims are procedurally defaulted. Her motion for leave to file a late petition for leave to appeal to the Illinois Supreme Court was denied. *See* Ex. E; *see also* Ex. G (denying reconsideration). Failure to present her "claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To overcome procedural default, Ms. Conde must demonstrate cause for her failure properly to raise the claims before the Illinois Supreme Court and prejudice from the failure, or else show that a fundamental miscarriage of justice will result from the failure to entertain her claims here. *See United States ex rel. Bell v. Pierson*, 267 F.3d 544, 551 (7th Cir. 2001). To demonstrate a fundamental miscarriage of justice, Ms. Conde would have to make a credible claim that she is actually innocent and support that claim with new evidence. *Id.* She offers no such evidence here.

She may be able to demonstrate cause, however; in her motion for leave to file a late petition for leave to appeal to the Illinois Supreme Court, she states that her attorney did not tell her until March 22, 2001, that the Illinois Appellate Court had denied her appeal on March 30, 2000. She also claims that she does not speak or understand English very well, so her failure to file

4

a timely petition for leave to appeal may have been due to external forces beyond her control. I need not actually decide this, however, because I find that she cannot demonstrate prejudice on either of her claims. Prejudice sufficient to overcome a procedural default means that "[t]he habeas petitioner must show 'not merely that the errors . . . created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Murray v. Carrier*, 477 U.S. 478, 494 (1986).

A.

Ms. Conde argues that there was insufficient evidence of constructive possession to convict her. "On habeas review, [I] will reverse the jury verdict based on the insufficiency of the evidence only if the record contains no evidence from which a rational trier of fact could find guilt beyond a reasonable doubt." *Mason v. Godinez*, 47 F.3d 852, 857 (7th Cir. 1995). I view the evidence in the light most favorable to the government, *id.*, and I presume that factual determinations by the state court are correct unless Ms. Conde rebuts the presumption of correctness by clear and convincing evidence, *see* 28 U.S.C. § 2254(e)(1). Ms. Conde offers no new evidence with respect to her constructive possession, so I take the facts from the opinion of the Illinois Appellate Court.

To sustain a conviction for unlawful possession of a controlled substance, the State must prove that the defendant had

5

knowledge of the presence of the controlled substance and that the defendant had the controlled substance in her "immediate and exclusive possession or control." *People v. Schmalz*, 740 N.E.2d 775, 779 (Ill. 2000). "Mere proximity is not sufficient evidence of actual possession." *Id.* "Actual possession is the exercise by the defendant of present personal dominion over the illicit material and exists when an individual exercises immediate and exclusive dominion or control over the illicit material." *Id.* (citations omitted).

"Constructive possession exists without actual personal present dominion over a controlled substance, but with an intent and capability to maintain control and dominion. Where narcotics are found on premises under the defendant's control, it may be inferred that [s]he had the requisite knowledge and possession, absent other facts and circumstances which might leave a reasonable doubt as to guilt in the minds of the jury." *People v. Frieberg*, 589 N.E.2d 508, 524 (Ill. 1992) (citations omitted). "The rule that possession must be exclusive does not mean that the possession may not be joint; if two or more persons share immediate and exclusive control or share the intention and power to exercise control, then each has possession." *Schmalz*, 740 N.E.2d at 779 (citations omitted).

Ms. Conde rented the apartment in which the police found the heroin that she was convicted of possessing. Her name appeared on

the lease, which included exclusive use of the locked storage closet, and Ms. Conde admitted that she paid rent. Ex. C at 5. After reviewing the warrant, Ms. Conde used a key to open the front door of her apartment. The police seized the key, which opened both her apartment door and the door of the storage unit. *Id.* Ms. Conde admitted that she paid the bills, furnished the apartment, kept clothing, shoes and purses in both bedrooms, and slept in both bedrooms. *Id.* at 3. However, she testified that three other people were living there, two of whom had keys to the apartment, and that she never went into the storage closet and did not know there were drugs in it. *Id.* at 3.

In one bedroom of the apartment, the police found two clear plastic bags with white powder inside a woman's shoe in the closet, as well as cable bill and an application for license plate renewal, both with Ms. Conde's name and address, on a dresser. In the other bedroom, the police found nine bags of white powder in a purse that also contained a parking ticket with Ms. Conde's name on it. *Id.* at 2. There was a digital gram scale in the kitchen. In the bathroom, there was a cloth net stretched over the bathtub with fecal matter on and underneath it. One of the officers who executed the warrant testified that nets like that were used by people who swallowed contraband and recovered it by defecating. *Id.* Finally, the police used the key that they seized from Ms. Conde to open the storage unit, which was located just outside the back door of the apartment

and had a number corresponding to her apartment number. *Id.* at 2, 4. Inside the storage unit, the police found a suitcase that contained two gallon-sized plastic bags of multicolored pellet-shaped balloons of heroin and two plastic bags of heroin. *Id.* at 2. The pellet-shaped balloons also had fecal matter on them. *Id.* at 6. The state did not test all of the substances that it recovered from the apartment, but the total weight of what was tested that was positive for heroin was approximately 1.7 kilograms. *Id.* at 2-3.

This evidence was more than sufficient to demonstrate constructive possession. Ms. Conde had control and dominion over the apartment and the storage locker; both were opened by a key from her key-chain and both were included on the lease that she signed. Her control over the premises was exclusive even though she may have shared exclusive possession with her roommates at the time of the search. The drugs found in the bedrooms, in which Ms. Conde admitted to sleeping and storing her belongings, were found in the vicinity of items bearing Ms. Conde's name and address. Even though she testified that she did not know that there were drugs in the storage unit, the trial court was not required to credit her testimony, and could infer her knowledge from her control over the storage locker. Moreover, there was feces on the drugs found in the storage locker as well as the net that was in the bathroom, and the trial court could have inferred that Ms. Conde knew the purpose of the netting and that there were drugs in her apartment or storage

locker. Because there is sufficient evidence from which a rational trier of fact could have found guilt of possession beyond a reasonable doubt, Ms. Conde was not prejudiced by the failure to raise this claim in the Illinois Supreme Court.

B.

Ms. Conde claims that her trial attorney was constitutionally ineffective for failing to interview or call the three women who were with her when she was arrested and her apartment was searched. To demonstrate ineffective assistance of counsel, Ms. Conde must "demonstrate that h[er] counsel's performance fell below an objective standard of reasonableness," and "that [s]he was prejudiced by the deficient performance." *Hough v. Anderson*, 272 F.3d 878, 890 (7th Cir. 2001) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 688 (1984)). Reasonableness is measured according to prevailing professional norms and under the totality of the circumstances, and "to prevail, the [petitioner] must overcome the presumption that the challenged act or omission might have been considered sound trial strategy." *Id.* at 890-91. To demonstrate prejudice, Ms. Conde must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 891.

Ms. Conde does not identify with any particularity what testimony the witnesses might have offered; she states only that one of the three women with her at the time of her arrest "resided

with Defendant prior to and including the date of arrest" and "may have provided [the] Court with relevant testimony to challenge the State's application of constructive possession against Defendant." Petition at 16. This is too speculative to demonstrate that she was actually prejudiced by the failure to interview and call these witnesses. *See Granada v. United States*, 51 F.3d 82, 85 (7th Cir. 1995) (holding that petitioner failed to establish prejudice from failure to call witnesses "because he has not identified who these witnesses were or what their testimony would have been"). Even if the witness could have testified that she lived in the apartment with Ms. Conde, that would not have precluded a finding of constructive possession under Illinois law. *See Schmalz*, 740 N.E.2d at 779 (holding that exclusive possession may be joint). Ms. Conde was not prejudiced by the failure properly to raise this claim in the Illinois Supreme Court.

### III.

Ms. Conde's petition for habeas corpus is DENIED.

ENTER ORDER:

*Elaine L Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: September 30, 2002